## CREW et al. v. MCCLUNG.

Where a demurrer to a petition is only applicable to the attachment proceeding, an erroneous ruling, in relation to such demurrer, cannot affect the judgment on the merits.

If the requisite facts for an attachment are clearly stated in the petition, it is not necessary to follow the exact language of the Code.

When the answer distinctly traverses the material averments in a petition, so far as they relate to the attachment, that issue of fact, if desired by defendant, should be regularly tried and determined.

It is error to render judgment upon a debt not due, without the consent of the debtor, although property may be attached to secure such a debt.

*Appeal from Clinton District Court.*

*Opinion by* GREENE, J. This suit was commenced by attachment, against Thomas Crew and others, on three promissory notes. A demurrer to the petition, and a motion to dissolve the attachment, were overruled. Judgment was rendered in favor of plaintiff for the the full amount of the notes, although one of the three notes had not matured, at the date of the judgment.

1. The appellants seek to reverse the judgment under the assumption that the court erred in overruling the demurrer. As the causes assigned for demurrer are applicable only to that part of the petition which relates to the attachment branch of the case, that ruling should not disturb the judgment on the merits.

2. It is urged that the motion to dissolve the attachment, was erroneously overruled. The reasons assigned for this motion, are applicable to that part of the petition which relates to attachments for debts not due, and on which nothing but time is wanting, to fix an absolute indebtedness. The petition stated this fact, as required by the Code, and also stated "that said defendants have disposed of their property, in part, with intent to defraud their

11*

creditors, and also that the said defendants are about disposing of their remaining property, with the intent to defraud their creditors." The only question to be considered is, does this averment in the petition fully embrace the fact or averment required by the Code, § 1852. The fact as stated in the Code is, " that the defendant is about to dispose of his property, with intent to defraud his creditors." Although the averment in the petition is not in the very words of the Code, still it comprehends all, and even more than is required. The exact language of the Code need not be given. It is sufficient if the requisite fact is clearly stated. If parties have diposed of a portion of their property, and " are about disposing of *their remaining property*," it would seem superfluous to say, " without leaving sufficient remaining to pay their debts." We think the court did not err in overruling the motion.

3. The defendant's answer traversed those facts in the petition, upon which the attachment was issued, but admitted the execution of the notes. And thereupon the court rendered judgment upon all the notes, without deciding the issue. The averments in relation to the attachment were material. If those averments were not true, the plaintiff had no right to a continuance of the attachment lien, nor had he a right to his action upon the note that was not due. As those material facts were distinctly traversed by defendant's answer, the issue should have been regularly tried and determined. But as those facts relate only to the attachment, and the note which had not matured, the judgment will be reversed only so far as they are concerned.

4. The only remaining question presented in this case is, can a judgment be properly rendered upon a note or debt before it is due? Where nothing but time is wanted to fix an absolute indebtedness, an attachment may be issued to secure such indebtedness, under the provisions of the Code, § 1852; but it does not follow that a judgment may

be rendered against the debtor, without his consent, before the liability is matured. Unless expressly required by law, or justified by the consent of the debtor, a court should not feel authorized to render a judgment so prematurely. That section of the Code was enacted as a protection against fraudulent creditors, and not to authorize abortive judgments. The lien might be created before the indebtness matured, when a party is attempting to defraud his creditors, but a judgment could not legitimately follow until after there is a default in payment.

The attachment is dissolved, and so far as it relates to the note that was not due, the judgment is reversed.

Judgment reversed.

*Smith, McKinley* and *Poor*, for appellants.

